IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NATIONAL INDEMNITY COMPANY,

Plaintiff,

vs.

AIOI NISSAY DOWA INSURANCE,
GLOBAL REINSURANCE CORPORATION
OF AMERICA, IRB BRASIL RE, R&Q
REINSURANCE COMPANY, SECOM
GENERAL INSURANCE COMPANY
LIMITED, SIRIUSPOINT LTD., and TIG
INSURANCE COMPANY,

Defendants.

**8:22CV199**

**ORDER REGARDING STIPULATED
MOTION TO VACATE DISMISSAL AND
TO REINSTATE DEFENDANT GLOBAL
REINSURANCE CORPORATION OF
AMERICA**

This case is before the Court on the September 14, 2022, Stipulated Motion to Vacate Dismissal and to Reinstate Global (Stipulated Motion), Filing 67, by plaintiff National Indemnity Company (NICO) and former-defendant Global Reinsurance Corporation of America, as successor-in-interest to Constitution Reinsurance Corporation (Global). For the reasons stated below, the Stipulated Motion is granted.

In their Stipulated Motion, the movants ask the Court to vacate the Court's prior order dismissing Global and to reinstate NICO's claims against Global. Filing 67 at 1. The movants assert that reinstatement is permissible and appropriate under Rule 54(b) of the Federal Rules of Civil Procedure. Filing 67 at 2–3 (citing cases so holding). The movants have stipulated further that, upon reinstatement, (1) Global will file an answer to NICO's complaint within fourteen (14)

1

days of the Court's order granting their motion and that Global's reinstatement will not require

NICO to file an amended complaint; and (2) Global will waive any and all objections to service,

personal jurisdiction, and venue in this action, and shall not move to dismiss this action on any

jurisdictional ground. Filing 67 at 3.

In *United States v. State of Ark.*, 791 F.2d 1573 (8th Cir. 1986), the Eighth Circuit Court

of Appeals held that a district court's reinstatement of the State as a party, seven years after

dismissing it, "was proper under Rule 54(b)." 791 F.2d at 1576. The court explained,

> Rule 41(b) provides that "[u]nless the court in its order for dismissal otherwise
> specifies, a dismissal ... operates as an adjudication on the merits." Rule 41(b),
> however, is tempered by Rule 54(b), which provides that any order or decision
> adjudicating "the rights and liabilities of fewer than all the parties" does not result
> in a final judgment until the entry of judgment concerning the remaining parties,
> unless the court expressly directs entry of judgment upon determining that there is
> no just reason for delay. *See* Fed.R.Civ.P. 54(b).

*State of Ark.*, 791 F.2d at 1576. The court held that reinstatement was proper in that case under

Rule 54(b), because there had been no intervening final judgment as to all the parties. *Id.* Similarly,

two district courts in this Circuit have concluded that a district court has the discretion under Rule

54(b) to revise a prior dismissal order to reinstate a previously dismissed party absent a final

judgment. *See Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, No.

CV 13-2262 (JRT/LIB), 2017 WL 740994, at *1 (D. Minn. Feb. 24, 2017) (citing *State of Ark.*,

791 F.2d at 1576 and Fed. R. Civ. P. 54(b)); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D.

251, 254 (S.D. Iowa 2001) (same and distinguishing this situation from reconsideration under Rule

59(e) of the Federal Rules of Civil Procedure, which applies to reconsideration after a final

judgment). Thus, this Court plainly has the authority to reconsider its September 2, 2022, Order

dismissing Global without prejudice, because that order was not a final judgment. Fed. R. Civ. P.

54(b); *State of Ark.*, 791 F.2d at 1576; *Richland/Wilkin Joint Powers Auth.*, 2017 WL 740994, at

*1; *Bublitz*, 202 F.R.D. at 254.

That is not the end of the matter, however. The Court must still determine the standards applicable to reconsideration of its order dismissing Global without prejudice. Although no Federal Rule of Civil Procedure expressly permits motions for reconsideration, these motions are typically construed as falling under Rule 59(e) or Rule 60(b). *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017). Rule 59(e) is not applicable to a motion for reinstatement because that rule provides for reconsideration after a final judgment. Fed. R. Civ. P. 59(e); *see also Bublitz*, 202 F.R.D. at 254 (Rule 59(e) is not applicable to a motion for reinstatement of a dismissed party). The Eighth Circuit Court of Appeals "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). Thus, Rule 60(b) is applicable to the non-final order at issue here.

Rule 60(b) delineates several grounds on which a party may be relieved from a non-final order: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

In this case, the Court concludes that Rule 60(b) requirements are met. The movants point to new and exceptional circumstances that justify relief from the operation of the Order dismissing

Global. *See* Fed. R. Civ. P. 60(b) (permitting relief for "any other reason justifying relief from the operation of the judgment"); *Williams*, 891 F.3d at 706 (explaining that Rule 60(b) requires "exceptional circumstances"); *cf. Arnold*, 627 F.3d at 721 (explaining that reconsideration is permissible to present newly discovered evidence). Specifically, they represent that, on August 18, 2022, after consultation and agreement with Global and in light of Global's action in the Southern District of New York, NICO moved to dismiss Global from this action without prejudice, and the Court granted that request on September 2, 2022. Filing 67 at 2; *see also* Filing 53 (motion); Filing 65 (order). The movants represent further that, since then, they have engaged in discussion and have agreed that their respective interests are best served by having their disagreements heard and decided in this Court. Filing 67 at 2. Consequently, Global and NICO have, by stipulation, dismissed the New York action in favor of this action. Filing 67 at 2. Under these circumstances, pursuant to Rule 60(b), relief from the Court's Order dismissing Global without prejudice is warranted.

Even that conclusion is not the end of the matter, however. Instead, what the movants seek is effectively amendment of NICO's Complaint to add a party, albeit a party that was originally named but subsequently dismissed. Federal Rule of Civil Procedure Rule 15(a) provides that, in the circumstances presented here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides further that "[t]he court should freely grant [such] leave when justice so requires." *Id.* This standard is construed liberally but "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). A district court may appropriately deny the movant leave to amend if "there are compelling reasons such as undue

delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted).

In this case, the movants' stipulation that NICO will not be required to file an amended complaint, Filing 67 at 3, does not eliminate the necessity that the effective amendment of the Complaint as it currently stands must satisfy Rule 15(a)(2) standards. Again, "plaintiffs do not have an absolute or automatic right to amend." *Lee*, 413 F.3d at 749. The Court finds that Rule 15(a)(2) standards are met here. There was no "undue delay" in seeking to reinstate Global, where the Stipulated Motion was filed less than two weeks after the Order dismissing Global. *See Moses.com Sec., Inc.*, 406 F.3d at 1065 (identifying this consideration). Nor does the Court find any hint of "bad faith," such as unwarranted gamesmanship, in dismissing then seeking to reinstate Global to achieve some unwarranted litigation advantage. *See id.* (identifying this factor). This is so, because the movants represent that both the request to dismiss and the request to reinstate Global were pursued only after consultation and agreement between the movants. The only other factor that the Court finds is potentially relevant here is the possibility of prejudice to the non-moving parties and Global. *See id.* (same). The Court is not aware of any potential prejudice to the remaining defendants if Global is reinstated. Plainly, Global does not believe that it is prejudiced because it has agreed with NICO to pursue this course. Finally, the Court concludes that the circumstances discussed demonstrate that justice requires granting leave to amend to reinstate Global as a defendant. *See* Fed. R. Civ. P. 15(a)(2) (instructing that the court should allow amendment "when justice so requires"). Thus, the effective amendment of the Complaint to

reinstate Global will be allowed, although the Court agrees that NICO will not be required to file an amended complaint.

Accordingly,

IT IS ORDERED that

1.      The September 14, 2022, Stipulated Motion to Vacate Dismissal and to Reinstate Global (Stipulated Motion), Filing 67, by plaintiff National Indemnity Company (NICO) and former-defendant Global Reinsurance Corporation of America, as successor-in-interest to Constitution Reinsurance Corporation (Global), is granted;

2.      Global is now reinstated as a defendant in this action;

3.      Plaintiff NICO will not be required to file an amended complaint; and

4.      Defendant Global shall file an answer to NICO's complaint within fourteen (14) days of the date of this Order.

Dated this 20th day of September, 2022.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge