IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL INDEMNITY COMPANY, | ) | Case No. 8:22-cv-199 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RIVERSTONE INSURANCE (UK) LIMITED, as successor-in-interest to CHIYODA FIRE & MARINE INSURANCE COMPANY; GLOBAL REINSURANCE CORPORATION OF AMERICA, as successor-in-interest to CONSTITUTION REINSURANCE CORPORATION; IRB BRASIL RE; R&Q REINSURANCE COMPANY, as successor-in-interest to CALVERT FIRE INSURANCE COMPANY, FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, HORACE MANN INSURANCE COMPANY, and PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY; SECOM GENERAL INSURANCE COMPANY LIMITED, as successor-in-interest to TOYO FIRE & MARINE INSURANCE COMPANY; SIRIUSPOINT LTD., as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY; and TIG INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL IN OMAHA, NEBRASKA** |
| Defendants. | ) ) | |

COMES NOW Plaintiff National Indemnity Company ("NICO"), and for its Amended

Complaint against Defendants Riverstone Insurance (UK) Limited, as successor-in-interest to

Chiyoda Fire & Marine Insurance Company ("Defendant Riverstone"); Global Reinsurance

Corporation of America, as successor-in-interest to Constitution Reinsurance Corporation

("Defendant Global"); IRB Brasil RE ("Defendant IRB"); R&Q Reinsurance Company, f/k/a INA Reinsurance Company, as successor-in-interest to Calvert Fire Insurance Company, Farmers Alliance Mutual Insurance Company, Horace Mann Insurance Company, and Pennsylvania Lumbermens Mutual Insurance Company ("Defendant R&Q"); Secom General Insurance Company Limited, as successor-in-interest to Toyo Fire & Marine Insurance Company ("Defendant Secom"); SiriusPoint Ltd., as successor-in-interest to General Fire and Casualty Company ("Defendant Sirius"); and TIG Insurance Company ("Defendant TIG") (collectively, "Reinsurers"), alleges as follows:

## INTRODUCTION

1. This is an action for declaratory relief and breach of contract regarding the Reinsurers' failure to make payment on Plaintiff NICO's submitted reinsurance billings.

2. On April 19, 2022, Plaintiff NICO became liable under a contract of insurance to the State of Montana (the "Insurance Policy") in the total amount of $157,237,493.30 for liabilities arising from the Insurance Policy.

3. Plaintiff NICO obtained reinsurance coverage from each of the Reinsurers in 1973 through 1975 (the "Reinsurance Agreements"). Under the terms of their respective Reinsurance Agreements, each Reinsurer is obligated to reimburse Plaintiff NICO sums it has paid in respect of the obligations and associated expenses and costs arising from the Insurance Policy.

4. While Plaintiff NICO has recently submitted reinsurance billings to each Reinsurer, all Reinsurers have previously been put on notice of the subject losses and the potential for those losses to implicate their obligations on their respective Reinsurance Agreements.

5. No Reinsurer has indicated that it will meet its contractual obligations to NICO under the respective Reinsurance Agreements.

6. One of the Reinsurers—TIG—commenced an action in New Hampshire federal court against NICO to seek a declaration of the parties' rights and obligations under the facultative reinsurance agreement between the parties. NICO is moving to dismiss this action on personal jurisdiction and *forum non conveniens* grounds in favor of this properly venued, more comprehensive action.

## PARTIES

7. Plaintiff NICO is a corporation organized under the laws of the State of Nebraska with a principal place of business in Omaha, Nebraska.

8. Defendant Riverstone is a British entity with its principal place of business in Brighton, United Kingdom.

9. Defendant Global is a corporation organized under the laws of the state of New York with a principal place of business within the commonwealth of Pennsylvania.

10. Defendant IRB is a Brazilian entity with its headquarters in Rio De Janeiro, Brazil.

11. Defendant R&Q is a corporation organized under the laws of the commonwealth of Pennsylvania with a principal place of business within the commonwealth of Pennsylvania.

12. Defendant Secom is a Japanese entity with its headquarters in Japan.

13. Defendant Sirius is a Bermuda entity with its headquarters in Bermuda.

14. Defendant TIG is a corporation duly organized and existing under the laws of the State of California with its principal place of business in New Hampshire.

## JURISDICTION AND VENUE

15.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure and for breach of contract.

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This controversy is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this state. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) in that there is no other district in which this matter may otherwise be brought and each of the defendants is subject to this Court's personal jurisdiction.

## BACKGROUND

18.     Plaintiff NICO issued the Insurance Policy to the State of Montana with an effective period between July 1, 1973, and July 1, 1975.

19.     Defendant Riverstone's predecessor-in-interest, Chiyoda Fire & Marine Insurance Company ("Chiyoda"), issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy. Chiyoda's interest in Certificate No. 10470 was later acquired by AIOI Nissay Dowa Insurance Company Limited, and the interest was later acquired by Defendant Riverstone.

20.     Defendant Global's predecessor-in-interest, Constitution Reinsurance Corporation, issued Certificate No. 61369 to Plaintiff NICO for the period July 1, 1973, to July

1, 1975, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

21. Defendant IRB issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

22. Defendant R&Q's predecessors-in-interest issued Certificate No. 2001763 to Plaintiff NICO for the period July 1, 1973, to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

23. Defendant Secom issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

24. Defendant Sirius' predecessor-in-interest, General Fire and Casualty Company, issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

25. Defendant TIG issued Certificate No. 0574 to Plaintiff NICO for the period July 1, 1973 to July 1, 1975, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

26. Beginning in 2000, individuals claiming asbestos-related injuries began filing tort claims against the State of Montana alleging that the state failed to warn of potential asbestos exposure in or around the Libby Mine.

27. Litigation proceeded from those claims and the State of Montana reached a settlement agreement with the Libby Mine claimants in 2009, and Plaintiff NICO provisionally

paid $16.1 million to the State of Montana under a full reservation of the right to recoup that payment in the event that it was judicially determined that no coverage existed for the State's claims.

28. In 2012, Plaintiff NICO filed a coverage action against the State of Montana seeking a declaration of rights and obligations under the Insurance Policy, including a declaration that it had no obligation to defend or indemnify the State of Montana for any past or future Libby Mine claims.

29. The State of Montana counterclaimed in the coverage action for breach of contract against Plaintiff NICO.

30. In August 2019, the district court in Montana state court entered judgment in the amount of $97,833,193.39 in favor of the State of Montana on its counterclaim and against Plaintiff NICO.

31. The Supreme Court of Montana affirmed in part and reversed in part the district court's decision in *National Indemnity Co. v. State*, 406 Mont. 288 (2021).

32. On April 19, 2022, Plaintiff NICO and the State of Montana entered into an agreement to resolve all coverage claims regarding the Insurance Policy and the Libby Mine claims in the amount of $157,237,493.30 (the "Settlement").

33. On May 25, 2022, the district court approved the Settlement.

34. On or about June 6, 2022, Plaintiff NICO sent billings to each of the following Reinsurers for their respective portion of the loss:

| Reinsurer | Billing Amount |
|---|---|
| Defendant Riverstone | $867,168 |
| Defendant Global | $28,904,141 |
| Defendant IRB | $867,168 |
| Defendant R&Q | $14,452,071 |
| Defendant TIG | $56,808,283 |
| Defendant Sirius | $1,734,335 |
| Defendant Secom | $867,168 |

35. As of the date of this filing, none of the Reinsurers has paid the billed amounts.

36. Before receiving Plaintiff NICO's billing as result of the loss incurred under its Insurance Policy with the State of Montana, Defendant TIG filed a "Complaint for Declaratory Relief" against Plaintiff NICO in the United States District Court District of New Hampshire, Case No. 1:22-cv-165, seeking a declaration regarding the parties' rights and obligations under Defendant TIG's Reinsurance Agreement.

## CAUSE OF ACTION
## (Declaratory Judgment)

37. Plaintiff NICO incorporates its prior allegations as if set forth fully here.

38. There exists a ripe and justiciable controversy between the parties regarding the Reinsurers' obligations to Plaintiff NICO under their respective Reinsurance Agreements to indemnify Plaintiff NICO for the loss incurred by Plaintiff NICO under the Insurance Policy issued to the State of Montana.

39. Plaintiff NICO seeks a judicial declaration regarding the parties' rights and obligations under the Reinsurance Agreements in connection with or arising out of the loss it incurred under the Insurance Policy issued to the State of Montana, including but not limited to, the Reinsurers' obligation to indemnify Plaintiff NICO for the amounts billed in paragraph 34 of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Indemnity Company prays for judgment in its favor as follows:

A.  Declaring and determining the rights and obligations of the parties under the Reinsurance Agreements, including, but not limited to, that the Reinsurers are required to indemnify Plaintiff NICO for the losses incurred by Plaintiff NICO with respect to the Insurance Policy and in the amounts set forth in paragraph 34 of this Complaint; and

B.  Awarding Plaintiff NICO its reasonable attorney's fees, including but not limited to its attorney's fees as mandated under Neb. Rev. Stat. § 44-359, for Plaintiff NICO's costs and fees incurred, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial in Omaha, Nebraska.

DATED this 27th day of September, 2022.

                              NATIONAL INDEMNITY COMPANY,
                              Plaintiff,

                        By:   s/ Jason W. Grams
                              Larry F. Harr, #11719
                              Jason W. Grams, #24596
                              Michael L. Storey, #24960
                              LAMSON, DUGAN & MURRAY, LLP
                              10306 Regency Parkway Drive
                              Omaha, NE 68114
                              T: (402) 397-7300 | F: (402) 397-7824
                              lharr@ldmlaw.com
                              jgrams@ldmlaw.com
                              mstorey@ldmlaw.com

                        and

                              Michael A. Knoerzer, *Admitted* PHV
                              Peter J. Dinunzio, *Admitted* PHV
                              Kyley Davoodi, *Admitted* PHV

>The Chrysler Building
>405 Lexington Avenue
>New York, New York 1017
>Michael.Knoerzer@clydeco.us
>Peter.Dinunzio@clydeco.us
>Kyley.Davoodi@clydeco.us
>
>*ATTORNEYS FOR PLAINTIFF*
>*NATIONAL INDEMNITY COMPANY*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 27, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>s/ Jason W. Grams

9