IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY, | Case No. 8:22-cv-199 |
| Plaintiff, | |
| v. | **THIRD AMENDED COMPLAINT** |
| GLOBAL REINSURANCE CORPORATION OF AMERICA, as successor-in-interest to CONSTITUTION REINSURANCE CORPORATION; R&Q REINSURANCE COMPANY; FARMERS ALLIANCE MUTUAL INSURANCE COMPANY; HORACE MANN INSURANCE COMPANY; PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY; SIRIUSPOINT LTD., as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY; and TIG INSURANCE COMPANY, | **DEMAND FOR JURY TRIAL IN OMAHA, NEBRASKA** |
| Defendants. | |

COMES NOW Plaintiff National Indemnity Company ("NICO"), and for its Third Amended Complaint against Defendants Global Reinsurance Corporation of America, as successor-in-interest to Constitution Reinsurance Corporation ("Defendant Global"); R&Q Reinsurance Company ("Defendant R&Q"); Farmers Alliance Mutual Insurance Company ("Defendant Farmers"); Horace Mann Insurance Company ("Defendant Horace Mann"); Pennsylvania Lumbermens Mutual Insurance Company ("Defendant Lumbermens"); SiriusPoint Ltd., as successor-in-interest to General Fire and Casualty Company ("Defendant SiriusPoint"); and TIG Insurance Company ("Defendant TIG") (individually, each a "Reinsurer," collectively, "Reinsurers"), alleges as follows:

## INTRODUCTION

1. This is an action for declaratory relief and breach of contract regarding the Reinsurers' refusals to make payment on Plaintiff NICO's submitted reinsurance billings.

2. On April 19, 2022, Plaintiff NICO became liable under a contract of insurance to the State of Montana (the "Insurance Policy") in the total amount of $157,237,493.30 for liabilities arising from the Insurance Policy.

3. Plaintiff NICO obtained reinsurance coverage from each of the Reinsurers in 1973 through 1975 (the "Reinsurance Agreements"). Under the terms of their respective Reinsurance Agreements, each Reinsurer is obligated to reimburse Plaintiff NICO sums it has paid in respect of the obligations and associated expenses and costs arising from the Insurance Policy.

4. Plaintiff NICO submitted reinsurance billings to each Reinsurer and each Reinsurer refused to fulfill its contractual obligations to NICO.

## PARTIES

5. Plaintiff NICO is a corporation organized under the laws of the State of Nebraska with a principal place of business in Omaha, Nebraska.

6. Defendant Global is a corporation organized under the laws of the state of New York with a principal place of business in the commonwealth of Pennsylvania.

7. Defendant R&Q is a corporation organized under the laws of the commonwealth of Pennsylvania with a principal place of business in the commonwealth of Pennsylvania.

8. Defendant Farmers is a corporation organized under the laws of the state of Kansas with a principal place of business in McPherson, Kansas.

9. Defendant Lumbermens is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

10. Defendant Horace Mann is a corporation organized the laws of the state of Illinois with a principal place of business in Springfield, Illinois.

11. Defendant SiriusPoint is a Bermuda entity with its headquarters in Bermuda.

12. Defendant TIG is a corporation duly organized and existing under the laws of the State of California with its principal place of business in New Hampshire.

## JURISDICTION AND VENUE

13. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, and for breach of contract.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This controversy is between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this state. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) in that there is no other district in which this matter may otherwise be brought, and each of the Reinsurers is subject to this Court's personal jurisdiction.

## BACKGROUND

16. Plaintiff NICO issued the Insurance Policy to the State of Montana with an effective period between July 1, 1973, and July 1, 1975.

17. Defendant Global's predecessor-in-interest, Constitution Reinsurance Corporation, issued Certificate No. 61369 to Plaintiff NICO for the period July 1, 1973, to July 1, 1975, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

18. Defendant R&Q is the managing entity of the Newark Reinsurance Pool ("Newark Re Pool"), a reinsurance pool formerly managed by Newark Reinsurance Management Corp. and whose members include Defendant Farmers, Defendant Lumbermens, and Defendant Horace Mann ("Newark Re Pool Defendants"). The Newark Re Pool Defendants issued Certificate No. 2001763 to Plaintiff NICO for the period July 1, 1973, to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy. Upon information and belief, Defendant R&Q agreed to also be responsible for the liabilities of the Newark Re Pool Defendants. However, notwithstanding R&Q's agreement, there has been no novation and the Newark Re Pool Defendants remain directly liable to NICO.

19. Defendant SiriusPoint's predecessor-in-interest, General Fire and Casualty Company, issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973, to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

20. Defendant TIG issued Certificate No. 0574 to Plaintiff NICO for the period July 1, 1973, to July 1, 1975, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

21. Beginning in 2000, individuals claiming asbestos-related injuries began filing tort claims against the State of Montana alleging that the state failed to warn of potential asbestos exposure in or around the Libby Mine.

22. Litigation proceeded from those claims and the State of Montana reached a settlement agreement with the Libby Mine claimants in 2009, and Plaintiff NICO provisionally paid $16.1 million to the State of Montana under a full reservation of the right to recoup that payment in the event that it was judicially determined that no coverage existed for the State's claims.

23. In 2012, Plaintiff NICO filed a coverage action against the State of Montana seeking a declaration of rights and obligations under the Insurance Policy, including a declaration that it had no obligation to defend or indemnify the State of Montana for any past or future Libby Mine claims.

24. The State of Montana counterclaimed in the coverage action for breach of contract against Plaintiff NICO.

25. In August 2019, the district court in Montana state court entered judgment in the amount of $97,833,193.39 in favor of the State of Montana on its counterclaim and against Plaintiff NICO.

26. The Supreme Court of Montana affirmed in part and reversed in part the district court's decision in *National Indemnity Co. v. State*, 406 Mont. 288 (2021).

27. On April 19, 2022, Plaintiff NICO and the State of Montana entered into an agreement to resolve all coverage claims regarding the Insurance Policy and the Libby Mine claims in the amount of $157,237,493.30 (the "Settlement").

28. On May 25, 2022, the district court approved the Settlement.

29. On or about June 6, 2022, Plaintiff NICO sent billings to each of the following Reinsurers for their respective portion of the loss:

| Reinsurer | Billing Amount |
|---|---|
| Defendant Global | $28,904,141 |
| Defendant R&Q and the Newark Re Pool Defendants | $14,452,071 |
| Defendant TIG | $56,808,283 |
| Defendant SiriusPoint | $1,734,335 |

30.     As of the date of this filing, despite Plaintiff NICO's demands, each of the Reinsurers has refused to pay the billed amounts.

31.     Before receiving Plaintiff NICO's billing as result of the loss incurred under its Insurance Policy with the State of Montana, Defendant TIG filed a "Complaint for Declaratory Relief" against Plaintiff NICO in the United States District Court District of New Hampshire, Case No. 1:22-cv-165, seeking a declaration regarding the parties' rights and obligations under Defendant TIG's Reinsurance Agreement. On November 22, 2022, this Court entered a memorandum and order, *inter alia*, staying Plaintiff NICO's claims against Defendant TIG in this action pending disposition of the New Hampshire action. (*See* Doc. 88).

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

32.     Plaintiff NICO incorporates its prior allegations as if set forth fully here.

33.     There exists a ripe and justiciable controversy between the parties regarding the Reinsurers' obligations to Plaintiff NICO under their respective Reinsurance Agreements to indemnify Plaintiff NICO for the loss incurred by Plaintiff NICO under the Insurance Policy issued to the State of Montana.

34.     Plaintiff NICO seeks a judicial declaration regarding the parties' rights and obligations under the Reinsurance Agreements in connection with or arising out of the loss it incurred under the Insurance Policy issued to the State of Montana, including but not limited to, the Reinsurers' obligation to indemnify Plaintiff NICO for the amounts billed to the Reinsurers as alleged herein.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

35. Plaintiff NICO incorporates its prior allegations as if set forth fully here.

36. Each of the Reinsurance Agreements is a contract between Plaintiff NICO and one of the Reinsurers.

37. Under the terms of the respective Reinsurance Agreements, each Reinsurer is obligated to reimburse Plaintiff NICO sums it has paid pursuant to Plaintiff NICO's obligations, associated expenses, and costs arising from the Insurance Policy.

38. Plaintiff NICO submitted reinsurance billings to each Reinsurer and each Reinsurer breached its respective Reinsurance Agreement and contractual obligations to NICO by refusing to pay Plaintiff NICO the respective billed amounts.

39. Each breach of contract by each Reinsurer caused Plaintiff NICO damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICO prays for judgment in its favor as follows:

1. Declaring and determining the rights and obligations of the parties under the Reinsurance Agreements, including, but not limited to, that the Reinsurers are required to indemnify Plaintiff NICO for the losses incurred by Plaintiff NICO with respect to the Insurance Policy;

2. Awarding monetary judgment in favor of Plaintiff NICO and against each of the Reinsurers in the following amounts:

   a. Defendant Global:                                    $28,904,141

   b. Defendant R&Q and the
      Newark Re Pool Defendants:                           $14,452,071

   c. Defendant TIG:                                       $56,808,283

   d. Defendant SiriusPoint:                               $1,734,335

3. Awarding Plaintiff NICO its reasonable attorney's fees, including but not limited to its attorney's fees as mandated under Neb. Rev. Stat. § 44-359, for Plaintiff NICO's costs and fees incurred, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial in Omaha, Nebraska.

DATED this 17th day of March, 2023.

                NATIONAL INDEMNITY COMPANY,
                Plaintiff,

By:  s/ *Jason W. Grams*
      Lawrence F. Harr, #11719
      Jason W. Grams, #24596
      Michael L. Storey, #24960
      LAMSON DUGAN & MURRAY, LLP
      10306 Regency Parkway Drive
      Omaha, NE 68114
      T: (402) 397-7300 | F: (402) 397-7824
      lharr@ldmlaw.com
      jgrams@ldmlaw.com
      mstorey@ldmlaw.com

and

      Michael A. Knoerzer, Admitted PHV
      Peter J. Dinunzio, Admitted PHV
      Kyley Davoodi, Admitted PHV
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 1017
      Michael.Knoerzer@clydeco.us
      Peter.Dinunzio@clydeco.us
      Kyley.Davoodi@clydeco.us

      *ATTORNEYS FOR PLAINTIFF*
      *NATIONAL INDEMNITY COMPANY*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              s/ *Jason W. Grams*

4862-4439-0742, v. 3