# CLYDE&CO

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
United States
Telephone: +1 212 710 3900
Facsimile: +1 212 710 3950
www.clydeco.com

**VIA EMAIL**

December 2, 2025

Hon. Ryan C. Carson
111 South 18th Plaza
Suite 2271
Omaha, NE 68102

Re:   *National Indemnity Company v. Global Reinsurance Corporation of America*,
      No. 8:22-cv-199

Dear Judge Carson,

We write on behalf of plaintiff National Indemnity Company ("National Indemnity") to seek the Court's guidance in respect of an evidentiary issue which may impact the efficiency of the jury trial which is set to begin on February 17, 2025.

One of the primary issues in the trial is the number of insurance policy "occurrences" which underlie National Indemnity's settlement with its insured, the State of Montana (the "State"). The Montana Courts ruled that each separate "failure to warn" by the State of the risks of asbestos exposure associated with the Libby Mine was a separate occurrence under the Montana Policy. By written coverage acknowledgment dated September 25, 2023, TIG admitted that there are at least 21 such failures to warn and therefore 21 occurrences, each worth $3 million.[1] National Indemnity contends that – in addition to the 21 occurrences which TIG has admitted – its settlement with the State was reasonably based upon 6 additional occurrences or 27 total.

Judge Bazis has found that New York law governs this matter and that National Indemnity must prove its liability to the State as part of its reinsurance claim to TIG. Under New York law, National Indemnity can establish liability to the State in either of two ways. First, National Indemnity can prove that its settlement with the State at a level of 27 occurrences was reasonable. Second, National Indemnity can prove that there were in fact 6 more occurrences than the 21

---

[1] TIG's September 25, 2023 coverage acknowledgement is attached as Ex. A. The author of that letter, Mr. Stuart Richmond, served as TIG's corporate witness under Rule 30(b)(6) and confirmed TIG's acknowledgment of 21 occurrences, among other admissions.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Boston, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix,
San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

Judge Carson
December 2, 2025
Page 2



which TIG has conceded.  National Indemnity shall attempt to prove its liability to the State for 27 occurrences in both ways.

      To prove that there were at least 6 more occurrences as a matter of fact, National Indemnity has obtained copies of 30+ year old death certificates of persons who were in contact with the Libby Mine and whose causes of death were related to exposure to asbestos.[2]  To dispel any concerns about the authenticity of the death certificates, National Indemnity has obtained from Montana certified copies of these death certificates, thus authenticating them in at least two ways: (1) as certified copies (FRE 902(4)); and (2) as ancient documents (FRE 901(8)).  Nonetheless, TIG has refused to acknowledge the authenticity of these documents and opposes their admission in evidence.  The parties have exchanged meet and confer correspondence on this issue, but TIG refuses to relent.

      TIG's objection to the admission of this evidence has the potential to waste precious time at trial.  To avoid this waste, National Indemnity seeks to discuss with Your Honor options for addressing the issue before trial.  We are grateful for Your Honor's attention to this matter and welcome any guidance the Court may have that might avoid motion practice or unnecessary depositions.  We respectfully request a teleconference to discuss the matter.

      Sincerely,

      Michael A. Knoerzer

---

[2] We have not attached copies of the death certificates in light of the presence of personal information in those documents.  However, we note that three of the death certificates were expressly mentioned in the Montana Supreme Court's opinion in *Orr v. State* as triggering the State's duty to warn.