IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TIG INSURANCE COMPANY,<br><br>Defendant. | **8:22CV199**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff National Indemnity Company's ("National Indemnity") motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's June 10, 2025 Order. (Filing No. 653.) To the extent National Indemnity is seeking clarification of this Court's June 10, 2025 Order, the motion will be granted.

**BACKGROUND**

The Court will not delve into a complete recitation of the facts of this case, as they have been thoroughly detailed in this Court's previous orders and other filings. Relevant here, is the content of the Court's June 10, 2025 Memorandum and Order (the "Order"). The Order ruled on numerous motions for partial summary judgment filed by the parties. (Filing No. 571.)

On January 8, 2026, the Magistrate Judge held a status conference with the parties to discuss scheduling matters. (Filing No. 646.) At the conference, a dispute arose as to the scope of issues that needed to be resolved at trial. According to National Indemnity, it informed the Magistrate Judge that a five-day trial was achievable provided that TIG Insurance Company ("TIG") was bound by admissions made during the Rule 30(b)(6) testimony of its corporate representative, Stewart Richmond ("Mr. Richmond"), as well as other admissions of liability made

by Mr. Richmond in other filings, as to the number of failures to warn occurrences. (Filing No. 655-1.) Again, according to National Indemnity, TIG's counsel argued that the Court's June 10 Order had mandated a standard of proof higher than the standard that TIG had employed when Mr. Richmond acknowledged coverage for 21 occurrences. National Indemnity asserts that TIG's counsel indicated that the Court's Order had the effect of rendering TIG's prior admissions ineffective.

On January 28, 2026, National Indemnity filed the instant motion seeking (1) an order that TIG is bound by its admissions as to coverage for portions of National Indemnity's reinsurance billing and that the Court's Order was not intended to, and did not, relieve TIG from the admissions made by Mr. Richmond or, alternatively, (2) in the event TIG is correct as to the intended impact of the Order, grant National Indemnity relief from that Order on the grounds that it annuls the Federal Rules of Civil Procedure and overrides governing New York law. (Filing No. 653.)

**DISCUSSION**

The current dispute centers on a disagreement regarding the impact of this Court's June 10 Order as to the issues and proof required at trial. (Filing No. 571.) National Indemnity is correct that the Court's Order was not intended to erase the statements made by TIG's 30(b)(6) corporate designee.[1]

Mr. Richmond has consistently stated that TIG determined it was liable for 21 occurrences. In a September 25, 2023 letter to National Indemnity, Mr. Richmond acknowledged that TIG owed $12,751,352, and calculated this amount in the letter. (Filing No. 407-66.) The calculation starts with "$21,000,000 in loss (*i.e*., 21 occurrences/limits)" and then adds and subtracts items to get to the amount that TIG believed it owed. (Filing No. 407-66.) TIG thereafter paid that amount—$12,751,352. The letter stated, in part: "TIG has carefully reviewed all of the information that [National Indemnity] has provided in connection with the claim, including documents produced

[1]National Indemnity brought this motion pursuant to Federal Rule of Civil Procedure 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quotation omitted). National Indemnity's alternative request for relief set out in the instant motion—an order that the Court's June 10 Order did not relieve TIG of Mr. Richmond's admissions—only seeks clarification of this Court's June 10 Order—not relief under Rule 60(b). Thus, to the extent National Indemnity only seeks clarification, the motion will be granted. To avoid issues at trial, the Court deems it appropriate to resolve any confusion as to the intent of the Court's Order.

by [National Indemnity] in the Nebraska action. As a result of that review, TIG has determined that the amount of $12,751,352 is owing . . ." (Filing No. 407-66.)

Mr. Richmond testified in his Rule 30(b)(6) deposition that TIG determined and "conceded" that there were 21 occurrences. He testified: "The factual – the facts and the record and the positions by the parties *demonstrated* that 21 occurrences were factually supported, 27 were not, and the [determination] was made by TIG to make a payment on what we believe we owed based on 21 occurrences, 'we' being TIG." (Ex. 5, Richmond Tr. 42:3-8) (emphasis added.) He further testified: "The factual predicate does not support 27 occurrences, it supports 21, *which TIG agrees with or concedes to*, but it does not support 27." (Ex. 5, Richmond Tr. 57:17-20) (emphasis added.) Additionally, Mr. Richmond stated: "Ultimately, a decision was made on the parts of the billing that were payable and the parts that were not." (Ex 5, Richmond Tr. 39:13-15.)

Mr. Richmond also acknowledged the number of occurrences in his Declaration offered in support of TIG's summary judgment motion. Paragraph 4 of Mr. Richmond's Declaration stated:

> Following receipt of the billing, TIG began reviewing and analyzing the information [National Indemnity] had provided in connection with the Reinsurance Claim to assess its liability under the Certificate. After completing its claim review and analysis, *TIG determined it was liable for a portion of the loss and expense* [National Indemnity] billed it under the Certificate, and it paid [National Indemnity] on or around September 25, 2023 the amount of $12,751,552 (net of a $1,000,000 payment TIG previously made in June 2017).

(Filing No. 399-31) (emphasis added.) He further averred in Paragraph 8 of the Declaration: "TIG determined [National Indemnity] had provided sufficient proof of its liability under the Policy for 21 of the 27 occurrences [National Indemnity] had billed." (Filing No. 399-31.)

TIG's reply brief in support of its motion for summary judgment even acknowledged that there were 21 occurrences, stating that "TIG received 'satisfactory evidence' of 21 occurrences under the Montana Policy and made a payment on that basis; [National Indemnity] did not provide (and still has not provided) 'satisfactory evidence of 27 occurrences . . . [National Indemnity] cannot satisfy its burden of proof as respects the six disputed loss occurrences by providing satisfactory evidence regarding the other loss occurrences." (Filing No. 451.) The brief further

acknowledged that "there is no dispute that [National Indemnity] provided TIG with satisfactory proof that 21 of the 27 loss occurrences were reinsured under the Certificate." (Filing No. 451.)

It appears that TIG is effectively trying to retract Mr. Richmond's representations by relying on this Court's June 10 Order. To be clear: The Court's Order was not intended to "nullify" Mr. Richmond's testimony and other statements about TIG's decisions regarding the 21 occurrences. TIG remains bound by the testimony of Mr. Richmond. *See Anarca v. Werner Enter., Inc.*, No. 8:14-cv-319, 2024 WL 756288, at*1 (D. Neb. Feb. 23, 2024) ("A Rule 30(b)(6) deposition . . . is the sworn corporate admission that is binding on the corporation"). The Court's order did not render Mr. Richmond's testimony moot or irrelevant. The Order did not impact the admissibility of this evidence—it is admissible. If TIG wishes to present evidence that contradicts Mr. Richmond's sworn testimony, it may certainly do so. *See R&B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001) ("A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition). However, the Court's Order did not somehow change the significance of Mr. Richmond's testimony to the issues involved in this case.

Accordingly,

**IT IS ORDERED** that National Indemnity's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's June 10, 2025 Order (Filing No. 653) is granted, to the extent that it seeks clarification of this Court's June 10, 2025 Order.

Dated this 13th day of August, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge