IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NATIONAL INDEMNITY COMPANY,

Plaintiff,

vs.

TIG INSURANCE COMPANY,

Defendant.

**8:22CV199**

**MEMORANDUM AND ORDER**

This matter is before the Court on National Indemnity's Request for Judicial Notice Pursuant to Federal Rule of Evidence 201. (Filing No. 694.) The motion will be denied without prejudice to reassertion at trial.

**DISCUSSION**

National Indemnity requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of "court decisions and related filings from other judicial proceedings, and other matters of public record." (Filing No. 694.) National Indemnity has identified 133 exhibits, which it considers appropriate for judicial notice. These documents can be categorized as: (1) trial exhibits from *Orr v. Montana*, 324 Mont. 391 (2004) and other asbestos bodily injury cases; (2) orders and filings from *National Indemnity v. State of Montana*, No. XDDV-2012-140; (3) the court decision from *Coleman v. National Indemnity Company*, No. 25-4982, 2026 WL 1816141 (9th Cir. June 24, 2026); and (4) public records, including the Libby Death Certificates and the Libby Inspection Reports.

Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it. . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. For instance, the Eighth Circuit Court of Appeals has taken judicial notice of things such as court orders and documents from court proceedings to

"note the existence of and basic facts" surrounding the actions. *See Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015).

The parties seem to agree that judicial notice of the exhibits identified by National Indemnity may be taken to some degree. National Indemnity acknowledges that judicial notice does not extend to accepting as true disputed factual assertions or findings recited in the materials. (Filing No. 705.) Thus, National Indemnity represents that it "requests judicial notice only that the records exist, are maintained by the stated governmental authorities, and contain the contents reflected in the submitted copies." (Filing No. 705.) Stated differently, National Indemnity seeks notice of "the existence, filing, issuance, maintenance, and contents of the identified records." (Filing No. 705.) For its part, TIG recognizes that the Court "may take judicial notice that the listed decisions and court orders were issued, that the listed pleadings and papers were filed, and the procedural history of those cases."[1] (Filing No. 701.)

The Court agrees it may take judicial notice of the existence of the exhibits and what they are called. However, the Court must consider and identify which fact or facts it is noticing. *See Capaci v. Sports Research Corporation*, 445 F.Supp.3d 607 (2020). The Court is unclear as to what National Indemnity seeks through its request that the Court take judicial notice of the "contents of the identified records." (Filing No. 705.) The Court has not been given any information about what specific facts Plaintiff wants the Court to take judicial notice of within the exhibits or for what purpose. To the extent National Indemnity is simply asking the Court to take judicial notice that the *documents themselves* are what they purport to be. *i.e.* a court decision or an affidavit, etc., the Court can certainly do so. However, the Court cannot take judicial notice of disputed facts within the documents. The Court must also avoid allowing a party to rely on judicial notice to avoid hearsay and foundation issues with exhibits.

Simply put, the Court acknowledges it can take judicial notice of the majority, if not all, the documents Plaintiff is asking the Court to take judicial notice of. However, whether they are admissible is a different issue. Some of the exhibits may not be relevant, contain hearsay or lack foundation and therefore should not be received. "Just because the document itself is susceptible

[1] The Court held a telephone conference with the parties on October 19, 2026. At that time, Defendant advised the Court that it has no objection to the authenticity of many of the exhibits at issue. Defendant did not identify those exhibits specifically during the conference but previously identified them for Plaintiff.

to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Capaci*, 445 F.Supp.3d at 617 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)). *See Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d at 543 n.4 (stating that Fed. R. Evid. 201 allows courts "to take judicial notice of public documents for the purpose of noting undisputed adjudicative facts, but judicial notice is inappropriate to the extent" the documents are offered "for the truth of the matters within them and inferences to be drawn from them"); *Am. Credit Acceptance, LLC v. Caspian Auto House, Inc.*, No. 7:23-CV-05477-DCC-KFM, 2025 WL 4111154, at *2 (D.S.C. June 25, 2025) (stating that a court should not "take judicial notice of any specific factual finding, legal reasoning, or legal conclusion from another case") (quotation omitted).

For the reasons stated above, the Court will not take judicial notice of these exhibits at this time. At trial, the Plaintiff may request that the Court take judicial notice of the exhibits it has identified. Plaintiff shall be prepared to specify what facts within the exhibit it wants the Court to take judicial notice of and for what purpose. Defendant will have an opportunity to be heard, and the Court will then decide whether to take judicial notice of the exhibit.

Accordingly,

**IT IS ORDERED** that National Indemnity's Request for Judicial Notice Pursuant to Federal Rule of Evidence 201 (Filing No. 694) is denied without prejudice to reassertion at trial.

Dated this 21st day of October, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge