IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TIG INSURANCE COMPANY,<br><br>Defendant. | **8:22CV199**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff National Indemnity Company's Omnibus Motion In Limine[1]. (Filing No. 553). For the reasons explained below, the motion will be granted in part and denied in part.

## DISCUSSION

National Indemnity's Motion in Limine (Filing No. 553) sets forth four categories of evidence that National Indemnity argues should be excluded or limited in its admissibility. The Court will consider each category of evidence in turn and determine its appropriate scope of usage, if any.

### 1. Testimony of Horace Mann's witness, Debra Ann Partington

The court finds that this motion is moot as Horace Mann is no longer a party (Filing No. 628) and National Indemnity did not seek this relief against TIG. National Indemnity acknowledges the mootness in its reply brief. (Filing No. 622 at 1 n.1.)

[1] National Indemnity requested a one-hour oral argument in its motion and supporting brief pursuant to Nebraska Civil Rules 7.1(e) "given the multiple legal issues which are impacted by the Motion" (Filing No. 553 at 2; Filing No. 555 at 23). The court will deny this request.

**2. Testimony Characterizing the Montana Court Decisions as Declaring National Indemnity Obligated to Pay Extra-Contractual Damages**

National Indemnity seeks an order "barring TIG from mischaracterizing the Montana Court decisions as declaring National Indemnity obligated to pay extra-contractual damages." (Filing No. 533).

In 2021, the Montana Supreme Court affirmed in part and reversed in part decisions by the District Court of Montana relating to National Indemnity's obligations to the State of Montana for the Libby Mine claims. *National Indemnity v. State of Montana,* 406 Mont. 288 (2021); See also *Orr v. State*, 324 Mont. 391 (2004). National Indemnity and the State ultimately settled, and National Indemnity agreed to pay the State $157,237,493.30 for a discharge of National Indemnity's "payment obligations to the State for all past, present, and future Libby Mine Claims." (Filing No. 399-24 at 4). The Settlement Agreement did not specifically address the number of occurrences under the Policy, (Filing No. 434-8 at 11), nor did it specify how the settlement proceeds were to be allocated.

National Indemnity's motion was filed before this court's summary judgment order. (Filing No. 571). In its initial brief in support, National Indemnity argued that the "imposition of pre- and post-judgment interest and the State's attorneys' fees upon National Indemnity was statutory and automatic, just as for any successful defendant, 'regardless of whether insurers' duty to defend is at issue.'" (Filing No. 555 at 8). National Indemnity further argued that TIG's characterizations of the Montana Court Decision are not relevant and are unfairly prejudicial and calculated to confuse the issues and mislead the jury by misstating the law. (Filing No. 555 at 9).

Subsequently, this court ruled on, inter alia, coverage under the TIG Certificate and issues of extra-contractual damages. The court determined that the Montana Supreme Court required National Indemnity to pay "pre-judgment interest and State's attorney's fees awarded because of National Indemnity's breach of the duty to defend" and ruled that these were extra-contractual obligations not covered by the TIG Certificate. (Filing No. 571 at 42-43) Such damages stemmed from National Indemnity's breach of the duty to defend and did not arise from bodily injury claims. (Filing No. 571 at 46). The court ruled that summary judgment was not proper as to post-judgment interest, due to issues of fact. (Filing No. 571 at 50). In interpreting coverage under the TIG Certificate, this court found only these categories of damages to be extra-contractual or potentially extra-contractual. (Filing No. 571 at 38-45.) The only issue the court left open with regard to extra-contractual damages under the TIG Certificate is the issue of post-judgment interest, which will be determined at the outcome of the trial. (Filing No. 571 at 38-45).

TIG argues that, in light of the court's summary judgment order, since this Court has already ruled that the Montana Supreme Court imposed some extra-contractual damages, National Indemnity cannot challenge that ruling through a motion in limine. It further asserts that National Indemnity's obligation to pay extra-contractual damages is relevant to identifying the amounts owed, if any, by reinsurers; relevant to TIG's breach of the duty of good faith affirmative defense; relevant to evaluating whether National Indemnity's original billing was a breach of a its duty of good faith; and is not prejudicial because describing the state court judgment as imposing extra-contractual liability is consistent with this court's prior ruling. (Filing No. 605 at 9-13.)

In reply, National Indemnity acknowledges that this court ruled that "a portion of the $43 million 2009 Global Settlement was extra-contractual," and accepts that, for the purposes of trial, it must operate on that basis. (Filing No. 622 at 2-3.) National Indemnity then discusses various issues related to TIG's prior admissions concerning its liability for 21 occurrences and whether TIG is obligated to pay the value of those occurrences regardless of the Montana Supreme Court's decision or this court's ruling based on that decision. (Filing No. 622 at 3-8.)[2]

Returning to National Indemnity's motion in limine, the court agrees that evidence, testimony, and arguments related to the Montana courts' decisions as to extra-contractual amounts should be excluded as to anything other than pre-judgment interest and the State's attorney's fees that were awarded because of National Indemnity's breach of duty to defend. TIG seems to be arguing now that the entire 2009 Global Settlement is extra-contractual, (Filing No. 605 at 5), and it is not. Neither the Montana courts nor this court have found as such. Therefore, TIG will not be allowed to argue that the Montana court's decision found the whole global settlement was extra-contractual.

**3. Whether R&Q Re and Resolute Management were Horace Mann's agents**

The court finds that this motion is moot. Horace Mann is no longer a party (Filing No. 628) and National Indemnity did not seek relief against TIG. National Indemnity acknowledges the mootness in its reply brief. (Filing No. 622 at 1 n.1.)

**4. Any evidence rebutting that the TIG Certificate contains "follow the form" clauses**

[2] The court will note it entered an order on August 13, 2026 regarding whether TIG is bound by its 30(b)(6) witness regarding the number of occurrences. The court determined that TIG is not only bound by his testimony but the other documentation/evidence in this case.

National Indemnity's fourth motion in limine asks the court to "preclude evidence rebutting that the TIG Certificate[3] [] contain[s] 'follow the form' clauses, which render coverage under those Certificates presumptively concurrent." (Filing No. 553). In its brief in support, which was filed before this court's summary judgment order (Filing No. 571), National Indemnity argues that TIG admitted that General Condition 1 of the TIG Certificate is a follow-the-form provision and should therefore be estopped from arguing to the contrary. (Filing No. 555 at 20-22). In its response brief, TIG agrees that General Condition 1 of the TIG Certificate is a follow-the-form provision, but argues that TIG should be permitted to present evidence and argument interpreting and applying the TIG Certificate and accompanying obligations consistent with the court's Order. (Filing No. 605 at 14-16.) In its reply brief, National Indemnity argues that the Court held that the TIG Certificate contains a follow-the-form provision, rendering it presumptively concurrent with the Montana Policy. (Filing No. 622 at 9.)

In its summary judgment order, this court determined that "the TIG Certificate contains only a following form clause." (Filing No. 571 at 53.) The Court also cited to New York cases stating that the purpose of a "following form" clause is to achieve concurrency between the reinsured contract and the policy of reinsurance, and where a following form clause is found in the reinsurance contract, concurrency between the policy of reinsurance and the reinsured policy is presumed. (Filing No. 571 at 39, 45.) This simply means that a following form clause incorporates by reference all the terms and conditions of the reinsured policy, except to the extent that the reinsurance contract by its own terms specifically defines the scope of coverage differently. (Filing No. 571 at 39.) This ruling does not mean that National Indemnity will not be held to its burden. The Court specifically clarified that the burden at trial will be on National Indemnity to prove that "the items it included in its reinsurance billing are covered under the TIG [] Certificate[] given the following form language." (Filing No. 571 at 54.) As this Court previously noted, TIG is not obligated to pay "just because National Indemnity became obligated to pay a loss—'coverage must be found in the actual terms of the contract.'" (Filing No. 571 at 42) (citing Graydon S. Staring, *Law of Reinsurance* § 17:3 (2025 ed.))

The court will grant the motion in limine. Neither party disputes this court's ruling that General Condition 1 of the TIG Certificate is a follow-the-form provision. The parties may not present evidence and argument contrary to the summary judgment order in regards to this issue.

[3] National Indemnity's motion also discussed the Newark Certificate and these arguments are moot because that Certificate concerned Horace Mann, which is no longer a defendant in this action

Accordingly,

**IT IS ORDERED** that Plaintiff National Indemnity Company's Omnibus Motion In Limine. (Filing No. 553) is granted in part, and denied in part:

1. National Indemnity's motion in limine to preclude the testimony of Horace Mann's witness Debra Ann Partington will be denied as moot;
2. Evidence, testimony, and arguments related to the Montana courts' decisions will be excluded where they suggest:
    a. that the Montana courts required National Indemnity to pay any extra-contractual obligations other than pre-judgment interest, or the State's attorney's fees awarded because of National Indemnity's breach of the duty to defend, or;
    b. that the Montana courts did not require National Indemnity to pay extra-contractual obligations, including pre-judgment interest and the State's attorney's fees awarded because of National Indemnity's breach of the duty to defend;
3. National Indemnity's motion in limine regarding whether R&Q Re and Resolute Management were Horace Mann's agents will be denied as moot;
4. Evidence or argument presented to rebut this court's decision regarding the follow-the-form provision of the TIG Certificate will be excluded.
5. Request for oral argument is denied.

Dated this 2nd day of November, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge