IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NATIONAL INDEMNITY COMPANY,

Plaintiff,

vs.

TIG INSURANCE COMPANY,

Defendant.

**8:22CV199**

**MEMORANDUM AND ORDER**

This matter is before the Court on TIG's Motion in Limine to Exclude the Expert Opinions and Testimony of Charles Ehrlich (Filing No. 489). The motion is denied.

**DISCUSSION**

TIG requests that the Court disqualify National Indemnity's expert witness, Charles Ehrlich ("Ehrlich"). Ehrlich is expected to opine that National Indemnity "dealt with the Libby Mine matter diligently and professionally, consistent with proper claims practices and standards" and that industry custom and practice calls for [TIG] to bear [its] share of the outcome." (Filing No. 493-1.) TIG argues Ehrlich should be disqualified because he is a former senior officer and general counsel of TIG and its affiliates, as well as a former senior legal officer and director and executive of Riverstone Claims Management ("Riverstone").[1] (Filing No. 493-1.)

"Federal courts have the inherent power to disqualify experts, although cases that grant disqualification are rare." *Koch Ref. Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th

[1]In 1999, Fairfax Financial Holdings Limited acquired the Riverstone Group "to manage claims arising out of insurance policies written by Fairfax-owned . . . insurance companies . . . such as TIG Insurance Company." (Filing No. 493-1; Filing No. 508-8.)

Cir. 1996) (citations omitted). "This power derives from the court's duty to ensure confidence in the fairness and integrity of the judicial process." *United States ex rel. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 248 (D.N.J.1997). Determining whether disqualification on the basis of the expert's prior relationship with the party seeking disqualification requires courts to undertake the following inquiry: (1) "whether the adversary had a confidential relationship with the expert" and (2) "whether the adversary disclosed confidential information to the expert that is relevant to the current litigation." *Sensormatic Elecs. Corp. v. WG Sec. Prods., Inc.*, No. 2:04–CV–167, 2006 WL 5111116, at *2 (E.D. Tex. Feb. 9, 2006). Some courts have also considered a third element: "the public interest in allowing or not allowing an expert to testify." *Koch*, 85 F.3d at 1181. The burden is on the party seeking disqualification to establish these elements. *Id*.

Having considered these factors, the Court is not persuaded that Ehrlich was privy to any confidential information relevant to this lawsuit. TIG did not take ownership of the facultative certificate until 2016—long after Ehrlich's relinquishment of his general counsel role with TIG and retirement from Riverstone. (Filing No. 508-3; Filing No. 490; Filing No. 493-1.) Further, there is no evidence that Ehrlich had any direct involvement with the facultative certificate during his time with Riverstone.[2] Finally, National Indemnity has agreed to stipulate that it will not raise Ehrlich's prior connection to TIG or its subsidiaries at trial.[3] (Filing No. 601.) Thus, even if there were some prejudice, which there is not, this stipulation will resolve the matter. Therefore, TIG's request that Ehrlich be disqualified from providing expert testimony in this matter will be denied.

TIG alternatively requests that Ehrlich be precluded from offering expert testimony about legal matters. In response, National Indemnity states that Ehrlich does not intend to testify as to legal conclusions but rather will only opine on industry practices. Industry practices or standards are often relevant and perhaps necessary in cases like the present one. For instance, the Eighth Circuit has upheld the admission of opinion testimony addressing whether an insurance company handled a claim properly under industry standards. *See Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 340, 344 (8th Cir. 2009) ("Industry-wide practices are relevant to the question of whether an insurer acts within acceptable boundaries based on information it has received in a given case."). *See also Travelers Indem. Co. v. Scor Reinsurance*

[2] TIG makes many assertions in its brief that are not supported by any evidence or citations to the record.

[3] The Court expects National Indemnity to be true to its word in this regard based on its representations to the Court.

Co., 62 F.3d 74, 78 (2d Cir. 1995) ("[I]t is hard to imagine how [a case involving the interpretation of a facultative certificate] could have been decided without admitting evidence of custom and practice"). It is well-established, however, that expert testimony on legal matters is not admissible. *See* United States v. Klaphake, 64 F.3d 435, 438-39 (8th Cir.1995); *see also* Cowden v. BNSF Ry. Co., 980 F. Supp. 2d 1106, 1118 (E.D. Mo. 2013) ("Although expert witnesses may 'embrace' an ultimate issue in their testimony, they may not state legal standards or draw legal conclusions by applying law to the facts.") (citation omitted).

At this point, the Court is not persuaded that Ehrlich's testimony is entirely inadmissible legal opinion. The distinction between admissible expert testimony and impermissible legal opinion is not always immediately apparent.[4] Thus, the Court finds it appropriate to address the content of Ehrlich's testimony in the trial setting. The Court agrees with TIG, however, that some of Ehrlich's proposed testimony could potentially cross the line into legal opinion. To be absolutely clear, experts will not be allowed to offer legal opinions, which would include, for instance, legal conclusions as to whether coverage existed under the certificate, to what extent that coverage existed, or any interpretation of court opinions or how those opinions should be applied in this case. Accordingly, TIG's objection to Ehrlich's testimony on the basis that it consists of improper legal conclusions will be addressed during his testimony at trial, upon proper objection by TIG.[5]

Finally, TIG generally requests that Ehrlich be precluded from discussing "any opinions not specifically disclosed and described in his expert reports." (Filing No. 593.) Under the Federal Rules of Civil Procedure, undisclosed opinions are not admissible absent a showing that the non-

[4] The parties are largely making the same arguments pertaining to the others' expert witnesses in their respective motions in limine. National Indemnity is arguing that TIG's experts who are opining as to industry standards and customs are providing legal opinions, and TIG is similarly complaining that National Indemnity's experts who are opining as to industry standards and customs are providing legal opinions. This only reinforces the Court's point that the subject of this lawsuit does not allow expert testimony to neatly fit into one category over the other—legal v. non-legal.

[5] To the extent that TIG is concerned that improper legal conclusions are contained in Ehrlich's expert reports themselves, such concern is unnecessary. Expert reports themselves are typically inadmissible at trial as hearsay. *See* *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, 421 F. Supp. 3d 1051, 1065 (D. Colo. 2019) (stating that generally, expert reports or portions of those reports are not admitted into evidence because they are "rife with hearsay"); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013) (finding that the expert's written report was not admissible at trial because the expert was expected to testify in person, but could be used to refresh his recollection, if necessary); *Neagle v. Ill. Tool Works, Inc.*, No. 1:08-CV-2080-WSD, 2011 WL 13173913, at *1 (N.D. Ga. Feb. 11, 2011) (stating that expert reports are generally inadmissible because they are hearsay).

disclosure was substantially justified or harmless. *See Johnson v. Friesen*, No. 8:19-CV-322, 2022 WL 3108087, at *6 (D. Neb. Aug. 4, 2022) (quoting Fed. R. Civ. P. 37(c)(1)) ("When a party fails to provide a sufficient disclosure under Rule 26(a), '[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"). Therefore, absent a showing of substantial justification or harmlessness, any opinions that have not been properly disclosed by this time will be excluded by the Court upon proper objection at trial.

Accordingly,

**IT IS ORDERED** that TIG's Motion in Limine to Exclude the Expert Opinions and Testimony of Charles Ehrlich (Filing No. 489) is denied.

Dated this 2nd day of November, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge